IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KELVIN DEMOND MCCRAE, | : |
| Plaintiff | : |
| VS. | : |
| | : CIVIL ACTION NO.: 7:07-CV-103 (HL) |
| TIFT CO.LAW ENFORCEMENT CENTER; Captain JERRY LIPSEY; GARY VOWELL; Officer ZACKY STEPHEN; Officer MEDCALF CLACK; Lt. GIDDENS; | : |
| | : **RECOMMENDATION** |
| Defendants | : |

Plaintiff **KELVIN DEMOND MCCRAE,** an inmate at the Tift County Law Enforcement Center in Tifton, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

The Court is required to dismiss a prisoner's complaint if it determines that the action: (1) is frivolous, or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Allegations regarding the conditions of confinement at the Tift County Law Enforcement Center

Plaintiff makes various complaints regarding the conditions of confinement at the Tift County Law Enforcement Center. He states that the computer at the Tift County Law Enforcement Center "went down" one time and he was unable to get out of his cell until the computer was repaired. Plaintiff also stated that he has to use used sheets, towels, wash cloths, and blankets. Finally, plaintiff complains that the facility is over-crowded.

Plaintiff's allegations would, if proven, demonstrate nothing more than the fact that plaintiff is dissatisfied with the living conditions at the Tift County Law Enforcement Center. However, the Constitution does not mandate comfortable prisons; nor does it require that prisons provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). All that is required is that prisons be humane. ***Farmer v. Brennan***, 511 U.S. 825 (1994). Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, and medical care. ***Hudson v. McMillan***, 503 U.S. 1 (1992); ***Hudson v. Palmer***, 468 U.S. 517 (1984).

To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive rick to inmate health and safety. ***Farmer***, 511 U.S. at 834. In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries." *Marsh v. Butler County, Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001).

None of the plaintiff's allegations, viewed alone or in the aggregate, are "sufficiently serious" enough to implicate the Constitution. Moreover, plaintiff has not shown he has been injured in any way from the above-mentioned alleged deprivations. Although plaintiff complains of his "mental anguish, 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Siglar v.*

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

For these reasons, the Undersigned **RECOMMENDS** that these claims be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## B. Threats

Plaintiff states that he suffers from "mental anguish" because his life is in danger. Specifically, he alleges that on June 19, 2007, Officer Zacky Stephen threatened his life. Plaintiff also states that Officer Medcalf Clark threatened him on July 10, 2007. Plaintiff states that he suffers from "mental anguish" because his life is in danger.

As stated above, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, allegations of threats and verbal abuse do not sate a claim under 42 U.S.C. § 1983. ***Stacey v. Ford***, 554 F. Supp. 8, 9 (N. D. Ga. 1982).

Therefore, the Undersigned **RECOMMENDS** that this claim be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## C. Tift County Law Enforcement Center

Plaintiff has named the Tift County Law Enforcement Center as a defendant. However, no action can be maintained against this facility because it is not a legal entity subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

Accordingly, the Undersigned **RECOMMENDS** that the Tift County Law Enforcement Center be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this Order.

## D. Captain Jerry Lipsey; Gary Vowell; Lt. Giddens

Plaintiff names these three individuals as defendants. However, he makes no allegations against them. The Court is unsure as to why he named them in this action. To any extent that plaintiff names Gary Vowell because he is the sheriff and the other two individuals because they perform in a supervisory capacity, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that Jerry Lipsey, Gary Vowell, or Lt. Giddens were personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold these parties responsible for any alleged constitutional deprivations.

Accordingly, the Undersigned **RECOMMENDS** that Captain Jerry Lipsey, Gary Vowell, and Lt. Giddens be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## E. Conclusion

The Undersigned recommends that all of plaintiff's claims regarding the conditions of

confinement at Tift County Law Enforcement Center, his claim regarding threats, Tift County Law Enforcement Center, Captain Jerry Lipsey, Gary Vowell, and Lt. Giddens be dismissed. This leaves the claims of physical assaults by Officer Medcalf Clack and Officer Zacky Stephen pending. In a separate Order entered this day, the Undersigned has ordered service on Clack and Stephen..

    **SO RECOMMENDED**, this 11th day of September, 2007.

                                                  */s/ Richard L. Hodge*
                                                  RICHARD L. HODGE
                                                  UNITED STATES MAGISTRATE JUDGE

lnb