IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KELVIN DEMOND MCCRAE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:07-CV-103 (HL)** |
| OFFICER ZACK STEED and | : | |
| OFFICER MALACHI CLARK | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. §1983 action is defendants' motion for

summary judgment (Doc. 28).  Plaintiff has not responded to the motion.[1]

In his complaint, plaintiff alleges that while he was incarcerated at the Tift County Law

Enforcement Center, he was assaulted by defendant Officer Steed on June 19, 2007, and by

defendant Officer Clark on July 14, 2007.

In determining a summary judgment motion, the inferences drawn from the underlying facts

must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951

F.2d 1235 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio corp., 475

U.S. 574 (1986)).  However, once the movant demonstrates the absence of a genuine issue of

material fact, the nonmovant must "make a showing sufficient to establish the existence of an

---

[1]Plaintiff requested some subpoenas after the filing of the undersigned's order to file a
response to the motion for summary judgment; that motion was denied, and the undersigned
gave plaintiff additional time in which to file a response.  However, plaintiff has not filed a
response to the motion for summary judgment.

element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The Eighth Amendment's proscription of cruel and unusual punishments  governs prison officials' use of force against convicted inmates. See Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). When the conduct in question involves any measure taken to prevent a security threat or restore official control, the Eighth Amendment inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or inflicted maliciously or sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21, 106 S.Ct. 1078; see also Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Discussing this heightened specific-intent requirement in Whitley, the Supreme Court reiterated that force does not violate the Eighth Amendment merely because it is unreasonable or unnecessary: "The infliction of pain in the course of a prison security measure ... does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." 475 U.S. at 319, 106 S.Ct. 1078. Reviewing the force used to quell a prison riot in Whitley, the Court explained that "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a

good faith effort to maintain or restore discipline or maliciously and sadistically for the very

purpose of causing harm.' " Id. at 320-21, 106 S.Ct. 1078.

    Subsequently, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992),

the Supreme Court extended Whitley 's holding outside the prison-riot context and applied the

same heightened intent requirement to force used as a prophylactic, preventive measure. See

Whitley, 475 U.S. at 322, 106 S.Ct. 1078 (acknowledging the distinction). The Hudson Court

held that "whenever prison officials stand accused of using excessive physical force in violation

of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley:

whether force was applied in a good- faith effort to maintain or restore discipline, or maliciously

and sadistically to cause harm." Id. at 6-7, 112 S.Ct. 995. The Court reasoned that even absent

the exigency present during a riot-like disturbance, " ' "[p]rison administrators ... should be

accorded wide-ranging deference in the adoption and execution of policies and practices that in

their judgment are needed to preserve internal order and discipline and to maintain institutional

security." ' " Hudson, 503 U.S. at 7, 112 S.Ct. 995 (quoting Whitley, 475 U.S. at 321-22, 106

S.Ct. 1078 (quoting Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979))).

Thus, Hudson dictates that Whitley 's standard--force applied maliciously and sadistically to

cause harm--applies to all claims that prison officials used excessive force against convicted

prisoners.

    In addition to defining the mental state required, Hudson and Whitley outline five distinct

factors relevant to ascertaining whether force was used "maliciously and sadistically for the very

purpose of causing harm": (1) "the extent of injury"; (2) "the need for application of force"; (3)

"the relationship between that need and the amount of force used"; (4) "any efforts made to

temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of staff

and inmates, as reasonably perceived by the responsible officials on the basis of facts known to

them." Whitley, 475 U.S. at 321, 106 S.Ct. 1078; see also Hudson, 503 U.S. at 7, 112 S.Ct. 995.

Whitley  also narrows the precise inquiry applicable when deciding whether officials are entitled

to judgment as a matter of law:

> courts must determine whether the evidence goes beyond a mere dispute over the
> reasonableness of a particular use of force or the existence of arguably superior
> alternatives. Unless it appears that the evidence, viewed in the light most
> favorable to the plaintiff, will support a reliable inference of wantonness in the
> infliction of pain under the standard we have described, the case should not go to
> the jury.

Whitley, 475 U.S. at 322, 106 S.Ct. 1078

On June 19, 2007, Officer Steed noticed trash and other items on the floor of the

Plaintiff's cell. As such items constituted a fire hazard, Officer Steed had previously told the

Plaintiff to throw the debris away, but the Plaintiff had refused to do so. As a result, Officer

Steed removed the debris himself. Due to the Plaintiff's creation of a fire hazard and his refusal

to eliminate the hazard, he was locked down for five days. (Doc. 28, Affidavit of Steed, ¶ 3.)

The Plaintiff did not complain of any injury or use of force incident on June 19, 2007. While the

Plaintiff completed an Inmate Grievance Form on June 19, 2007, there was no reference in the

grievance regarding any use of force by Officer Steed. Instead, the grievance completed by the

Plaintiff alleged only threats by Officer Steed, and a theft by Officer Steed. Further, the Plaintiff

did not seek any medical attention as a result of any incident on June 19, 2007. (Doc. 28,

Affidavit of Steed, ¶ 4; Affidavit of Teresa Lewis, ¶ 3; Affidavit of Lipsey, ¶ 4.)

On July 14, 2007, the Plaintiff created a disturbance in the dayroom when he began

pounding on the door and when he told Officer Clark that the inmates in the dayroom would not

lock down when the time came unless Officer Clark immediately turned back on the television. When Officer Clark opened the door to the dayroom to tell the Plaintiff that Sgt. Kelly was on her way to talk to the Plaintiff, the Plaintiff stuck his foot out in an attempt to prevent Officer Clark from closing the door. After Officer Clark closed the door, the Plaintiff complained that his foot was hurt. (Doc. 28, Affidavit of Clark, ¶¶ 3-4.)

When Sgt. Renee Kelly heard Plaintiff's complaints about foot pain, she telephoned nurse Collins to seek directions. Pursuant to her telephone conversation with the nurse, Sgt. Kelly gave the Plaintiff an ice pack and two Tylenol for his alleged pain. (Doc. 28, Affidavit of Kelly, ¶¶ 3-4.)

The following Monday, when there was a nurse present at the Tift County Law Enforcement Center, the Plaintiff saw nurse Teresa Lewis for his alleged foot pain. According to nurse Lewis, the Plaintiff's foot had no discoloration and no swelling. Further, she found no objective evidence of any injury to the Plaintiff's foot. While the Plaintiff seemed to be guarding the foot when he came to see the nurse, she noted that he was neither limping nor guarding his foot when he left. (Doc. 28, Affidavit of Lewis, ¶¶ 5-7.)

The Plaintiff did not file any grievance as a result of the incident on July 14, 2007 involving Officer Clark . (Affidavit of Lipsey, ¶ 5.)

Defendants have shown that, at most, plaintiff had a *de minimis* injury.  In an excessive force case, the plaintiff must establish the presence of a physical injury that is "more than a de minimis injury provided that the force is not of a sort repugnant to the conscience of mankind."   Hudson v. McMillian, 503 U.S. 1, 10 (1992).   In Harris v. Garner, the 11th Circuit has likewise interpreted this standard to require that the injury be more than de minimis.   216 F. 3d 970 (11th

Cir. 2000).

Plaintiff has failed to rebut the evidence submitted by defendants that his injury was no more than de minimis.

Furthermore, it appears that plaintiff has failed to exhaust his administrative remedies. Defendants have submitted the Affidavit of Jail Administrator Jerry Lipsey who has offered testimony that the Plaintiff did not file any grievance as a result of a use of force incident involving Officer Steed on June 19, 2007. Further, the Plaintiff did not file any grievance regarding any incident involving Officer Clark on July 14, 2007. (Doc. 28, Affidavit of Lipsey, ¶¶ 4-5.)

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative  remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Therefore, it is the RECOMMENDATION of the undersigned that defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of February,  2009.

                                       //S Richard L. Hodge

                                       RICHARD L. HODGE

                                       UNITED STATES MAGISTRATE JUDGE

msd